IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

BRENDA ALLEN                                                                                     PLAINTIFF

VS.                                                                     CASE NO. 3:12CV411WHB-LRA

WALGREEN CO.                                                                                     DEFENDANT

## COMPLAINT

### (JURY TRIAL REQUESTED)

### I. INTRODUCTION

1.  This is an action for actual and statutory damages under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA") and the intentional infliction of emotional distress.

### II. JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction pursuant to (a) 28 U.S.C. 1331, because the case arises under the Constitution and laws of the United States; (b) 28 U.S.C. 1343 (3) and (4), which gives district courts jurisdiction over actions to secure civil rights extended by the United States government.

3.  Venue is appropriate in this judicial district under 28 U.S.C. 1391(b), because Defendants and a substantial part of the events giving rise to this Complaint occurred within the Southern District.

### III. PARTIES

1

4. At all times relevant to this complaint, Brenda Allen was a citizen of the United States of America and a resident of the State of Mississippi.

5. At all times relevant to this complaint, Walgreen Co. ("Walgreens") is a corporation existing under the laws of the State of Mississippi. Walgreens may be served with process of this Court by serving a copy of this complaint upon its Registered Agent, Prentiss-Hall Corporation Systems, at 506 South President Street, Jackson, MS 39201.

## IV. FACTS

6. Plaintiff was employed at Walgreens as a pharmacist from November 29, 1998 until December 16, 2010

7. Plaintiff was diagnosed with Diabetes and Hypertension in June 1995; and Heart Disease in February 2009.

8. Walgreens at all times relevant had knowledge of the Plaintiff's various ailments.

9. Plaintiff's ailments required her to take frequent breaks and required the use of a chair.

10. In 1999, the Plaintiff was granted the use of a chair by Walgreens' Manager Kenneth Simmons.

11. In 2010, the chair was removed by Walgreens Manager Kasonga Keys on the instruction of Walgreens District Manager Chris McLaurin without explanation. The removal of the chair placed great hardship on the plaintiff and adversely affected her work as she was forced to stand for hours at a time and sit on foot stools when available, causing her great distress and discomfort and forcing her to seek medical attention.

12. In 2007, the Plaintiff was prescribed fluid pills her treating physician. Plaintiff informed her manager, Gale Spears of her medication and stated that she would need frequent

2

bathroom breaks. Despite this request, Plaintiff was prevented from taking breaks as needed, causing the Plaintiff great discomfort, embarrassment and a subsequent kidney infection.

13. As a result of Walgreens refusal to grant Plaintiff's reasonable accommodations, her work suffered and she began to suffer from great physical and emotional distress.

14. In July 2010, Plaintiff was given a written warning by Managers Gale Spears and Kasonga Keys due to her alleged lack of speed in filling pharmacy prescriptions and placed on a 30 day improvement plan. During the meeting, Plaintiff reiterated her request for frequent breaks and a chair.

15. In October 2010, Plaintiff was given a 2nd written warning by Managers Speaks and Keys and told that she would likely be transferred to a store with no technical support, resulting in an increase of work on her behalf. During the meeting, Plaintiff again reiterated her request for frequent breaks and a chair and noted that such accommodations would allow her to better do her job.

16. In December 2010, Plaintiff was approached by District Manager Chris McLaurin and told that she would be fired or she could resign. Plaintiff chose to resign as she was told by Mr. McLaurin that her failure to resign would result in termination and negatively influence her future employment prospects. Plaintiff formally resigned from her position at Walgreens on or about December 16, 2010.

17. As a result of Walgreens refusal to grant the Plaintiff a reasonable accommodations and subsequent forced resignation, the Plaintiff has suffered from severe emotional and physical distress and was forced to seek the care of a physician.

18. As a result of Walgreens' actions, Plaintiff filed a complaint with the Equal Employment Opportunity Commission on or about January 27, 2011. See "Charge of Discrimination," a true and correct copy of which is attached hereto as Exhibit "A."

19. The Equal Employment Opportunity Commission issued a "Notice of Right to Sue" letter which The Plaintiff received on March 17, 2012. See "Notice of Right to Sue," a true and correct copy of which is attached hereto as Exhibit "B."

## V. ALLEGATIONS OF LAW

### COUNT I
(Deprivation of Constitutional Rights and Privileges – 42 U.S.C. 1983)

20. Paragraphs 1-19 of the Complaint are incorporated by reference as though pleaded in full.

21. Plaintiff is entitled to the equal protection of the laws under the Fourteenth Amendment of the United States Constitution, and due process of law under the Fifth and Fourteenth Amendments of the United States Constitution.

22. Defendant Walgreens, discriminated against the Plaintiff because of her disability by refusing to grant her reasonable accommodations for her illnesses, writing her up on multiple occasions and forcing her to resign her position as pharmacist, thus depriving the Plaintiff of her right to equal protection of the law.

23. The Plaintiff was entitled to due process protection of freedom from arbitrary action in her employment in that she should not have been subjected arbitrarily to the fear of losing that job or of having to work without breaks or the use of a chair as prescribed by her treating physician. Further, the Plaintiff should not have been subjected arbitrarily to the fear of losing the enjoyment of a proper and pleasant work environment, or to other adverse actions

which she feared and which deprived her of the proper enjoyment and efficiency of her work. Walgreens' actions deprived The Plaintiff of her due process liberty and property interests guaranteed to her by the guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution, and made actionable by 42 U.S.C. 1983.

### COUNT II
(Discrimination based on Disability – Title II of the ADA)

24. Paragraphs 1-23 of the Complaint are incorporated by reference as though pleaded in full.

25. At all relevant times, Plaintiff was a qualified individual with a disability within the meaning of the ADA and was able to perform the essential functions of her job with Defendant with or without an accommodation.

26. The ADA forbids employers from treating a qualified individual with a disability unfavorably because she has a disability.

27. By forcing the Plaintiff's to resign her employment on account of her disability, her record of a disability, or a perceived disability, Defendant discriminated against Plaintiff in violation of the ADA, 42 U.S.C. §12112(a). Specifically, Plaintiff suffers from hypertension, diabetes and heart disease.

28. As a result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer loss of past income, employee benefits, mental anguish, emotional distress, embarrassment and other damages. Plaintiff is also entitled to attorney's fees and costs incurred in connection with this claim.

## COUNT III
(Failure to Accommodate)

29. Paragraphs 1-28 of the Complaint are incorporated by reference as though pleaded in full.

30. Defendant failed to reasonably accommodate Plaintiff by permitting Plaintiff to take bathroom breaks as needed and denying the Plaintiff use of a chair.

31. As a result of Defendant's unlawful conduct Plaintiff has suffered and will continue to suffer loss of past income, employee benefits, mental anguish, emotional distress, embarrassment and other damages. Plaintiff is also entitled to attorney's fees and costs incurred in connection with this claim.

## COUNT IV
(Punitive Damages)

32. Paragraphs 1-31 of the Complaint are incorporated by reference as though pleaded in full.

33. Plaintiff is entitled to punitive damages as a result of Defendants' intentional acts in violation of Plaintiffs federally protected rights and as a result of its extreme and outrageous conduct. Alternatively, Plaintiff is entitled to damages because Defendants' unlawful acts against Plaintiff were committed maliciously and/or in reckless disregard of Plaintiffs rights.

## COUNT V
(Intentional Infliction of Emotional Distress)

34. Paragraphs 1-33 of the Complaint are incorporated by reference as though pleaded in full.

35. Defendant acted in an intentional manner in order to inflict emotional distress upon Plaintiff and is liable to her for all of the resulting damages.

36. Plaintiff is entitled to liquidated and punitive damages as a result of Defendant's intentional acts in violation of Plaintiffs federally protected rights and/or because Defendant's unlawful acts against Plaintiff were committed maliciously and/or in reckless disregard of Plaintiffs rights.

WHEREFORE, Plaintiff prays for the relief set forth below.

## COUNT VI
(Prayer for relief)

WHEREFORE, Plaintiff Brenda Allen seeks judgment from this Court for the following relief:

1. Front pay in lieu of reinstatement;

2. Back pay, lost benefits, and other pecuniary losses proximately caused by Defendant's unlawful conduct;

3. Past, present and future emotional distress and mental anguish;

4. Compensatory damages against Defendants in an amount to be determined by the jury;

5. Punitive damages against Defendants in an amount to be determined by the jury;

6. Liquidated damages against Defendants;

7. All costs, disbursements, pre-judgment interest, post-judgment interest, expert witness fees and reasonable attorneys' fees; and

8. Such further relief as is deemed just and proper.

## **COUNT VII**
(Jury Demand)

Plaintiff hereby demands a trial by jury of all issues triable.

RESPECTFULLY SUBMITTED this the 14th day of June, 2012

Brenda Allen by her Counsel

s/Thomas Hudson
THOMAS HUDSON

OF COUNSEL

THE HUDSON FIRM, PLLC
269 E. PEARL STREET
POST OFFICE BOX 16701
JACKSON, MISSISSIPPI 39236
TELEPHONE: 601-832-7513
FACSIMILE: 601-354-0546
THOMAS@THEHUDSONFIRM.COM